* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commissioner, assignments of error and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the decision. Accordingly, the Full Commission affirms the Decision and Order of the Deputy Commissioner.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff alleged in his Tort Claim Affidavit filed with the North Carolina Industrial Commission that he suffered an injury when a solvent splashed on his face, chest and *Page 2 
head injuring him while he was assisting in cleaning an air conditioner during the course and scope of his employment with defendant.
2. Defendant moved to dismiss at the pretrial conference pursuant to Rule 12(b)(1) and Rule 12(b)(1) of the North Carolina Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Workers' Compensation, not a tort action, is the exclusive remedy for prisoners injured while working for State of North Carolina. N.C. Gen. Stat. § 97-10.1; and Richardson v. North Carolina Dept. ofCorrection, 345 N.C. 128, 478 S.E.2d 501 (1996).
2. A prisoner may file a workers' compensation claim under appropriate circumstances within one year of their release from the NCDOC. North Carolina General Statute § 97-13(c) specifically provides:
 Whenever any prisoner assigned to the State Department of Correction shall suffer accidental injury or accidental death arising out of and in the course of the employment to which he had been assigned, if there be death or if the results of such injury continue until after the date of the lawful discharge of such prisoner to such an extent as to amount to a disability as defined in this Article, then such discharged prisoner or the dependents or next of kin of such discharged prisoner may have the benefit of this Article by applying to the Industrial Commission as any other employee; provided, such application is made within 12 months from the date of the discharge; and provided further that the maximum compensation to any prisoner or to the dependents or next of kin of any deceased prisoner shall not exceed thirty dollars ($30.00) per week and the period of compensation shall relate to the date of his discharge rather than the date of the accident. *Page 3 
3. Because plaintiff was injured by accident arising out of and in the course of his employment with defendant, this cause of action, filed as a tort claim against the State of North Carolina, must be dismissed. N.C. Gen. Stat. § 143-291, et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby dismissed with prejudice.
2. Plaintiff may file a workers' compensation claim within one year of his release from the North Carolina Department of Corrections.
3. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the __ day of February 2008.
 S/_____________
 PAMELA T. YOUNG
 CHAIR
CONCURRING:
 S/_____________ DANNY L. McDONALD COMMISSIONER *Page 4 
 S/_____________ CHRISTOPHER SCOTT COMMISSIONER *Page 1